1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11   JACK J. DEMARTINI,

12                        Plaintiff,

13          v.

14   RYAN C. WITT, *et al*,

15                        Defendants.

16

17

Case No.  C08-5106RBL-KLS

ORDER TO SHOW CAUSE

18          This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §

19   636(b)(1),  Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72.   The case is before the

20   Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the

21   record, the Court finds and orders as follows:

22          A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745

23   F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a

24   complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before

25   service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing*

26   <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

27          To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of

28   was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

1  right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor,

2  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section

3  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.

4  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

5      Plaintiff also must allege facts showing how individually named defendants caused or personally

6  participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.

7  1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory

8  responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58

9  (1978).  A theory of *respondeat superior* is not sufficient to state a section 1983 claim.  Padway v.

10  Palches, 665 F.2d 965, 968 (9th Cir. 1982).

11      In his complaint, plaintiff alleges defendant deputy prosecuting attorney Ryan C. Witt violated his

12  due process and equal protection rights and right to a fair trial, by amending the crime with which he was

13  charged to a more serious crime and adding an additional charge without a proper basis for doing so.  In

14  addition, plaintiff alleges defendant Witt violated his Fifth, Sixth and Fourteenth Amendment rights by

15  providing false information to the trial court in order to re-try him.  Plaintiff further alleges defendant

16  Witt violated those rights by re-filing the same criminal charges against him after a mistrial had occurred,

17  and by making an amendment to the charging information on the same day the new trial was to start.

18      Prosecutors, however, are entitled to absolute immunity from liability for damages under 42

19  U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976).  Prosecutorial immunity protects a

20  prosecutor who "acts within his or her authority and in a quasi-judicial capacity." Ashelman v. Pope, 793

21  F.2d 1072, 1076 (9th Cir. 1986) (citing Imbler, 424 U.S. at 430-31).  "If the prosecutor acts as an

22  advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted."

23  Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 674, 678 (9th Cir. 1984) (quoting Imbler,

24  424 U.S. at 430-31).  Prosecutorial immunity applies "even if it leaves 'the genuinely wronged defendant

25  without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'"

26  Ashelman, 793 F.2d at 1075 (quoting  Campbell v. Maine, 787 F.2d 776, 778 (1st Cir.1986)).  Such is the

27  case here, as plaintiff has not shown defendant Witt acted outside his authority.

28      Plaintiff also alleges in his complaint that defendant Judge Anna M. Laurie violated his Fifth,

Sixth and Fourteenth Amendment rights by calling a mistrial before the jury could return a verdict of not

guilty.  Plaintiff also alleges defendant Judge Jay B. Roof violated those same constitutional rights and abused his discretion in not allowing the jury to consider certain factors and by improperly commenting on the evidence.  Judicial officers, however, also are immune from liability for damages under 42 U.S.C. § 1983 for acts taken within their judicial jurisdiction. <u>Pierson v. Ray</u>, 386 U.S. 547, 554-55.

A judge will be subjected to liability only when he or she acts in the "clear absence of all jurisdiction" or when he performs an act that is not judicial in nature. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978).  "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" <u>Ashelman</u>, 793 F.2d at 1075 (quoting <u>Cleavinger v. Saxner</u>, 474 U.S. 193 (1985)).  As with his claims against defendant Witt, plaintiff's claims against defendants Laurie and Roof do not show they were acting outside their judicial role or jurisdiction, and thus, it appears they are immune from section 1983 liability as well.

Plaintiff also has named the State of Washington as a defendant in this matter.  However, the Eleventh Amendment reads in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend XI.  Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974).

Lastly, plaintiff names Kitsap County and the City of Bremerton as defendants in his complaint. A local government agency or municipality can be held liable under section 1983.  To do so though plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474  (9th Cir.1992).  In addition, such an entity may be held liable under the above standards, if the plaintiff identifies a municipal "custom," as opposed to an actual "policy," caused the alleged injury. <u>Board of County Commissioners of Bryan County v. Brown</u>, 520 U.S. 397, 403 (1997).  Plaintiff has failed to identify, let alone show, there has been any such policy or custom.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than June 18, 2008**.  The amended complaint must carry

the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 19th day of May, 2008.


Karen L. Strombom
United States Magistrate Judge